■ REGINALD CLARK, an Infant, by His Parent ODELL CLARK, et al., Respondents, v. MERCY HOSPITAL et al., Appellants. — In a medical malpractice action, defendants appeal from a judgment of the Supreme Court, Nassau County, entered December 18, 1970 against them and in favor of plaintiffs, upon a jury verdict in the following amounts: for the infant Reginald Clark, $350,000 for his personal injuries; for Odell Clark (the infant's mother), $35,000 for loss of services and medical expenses of the infant and $65,000 for her own personal injuries; and for Ronald Clark (the infant's father), $3,000 for loss of services of the infant up to the time of Ronald Clark's divorce from Odell Clark. The notice of appeal of defendants Carson and Mercy Hospital states that their appeal is also from the trial court's dismissal of their cross

complaint against defendant Robins (at the close of the entire case). Appeal by defendants Carson and Mercy Hospital dismissed insofar as it is from the dismissal of their cross complaint, without costs. The judgment contains no decretal provision upon said dismissal and no appeal lies from a decision rendered at trial. Judgment affirmed insofar as it is in favor of plaintiff Odell Clark for her personal injuries, without costs. Judgment reversed, on the law, insofar as it is in favor of (1) Odell Clark and Ronald Clark upon their causes of action for loss of services and medical expenses of Reginald Clark and (2) Reginald Clark upon his causes for personal injuries; and new trial granted upon those causes, on all issues, with appropriate severance of action, and with costs to abide the event, unless, within 30 days after entry of the order to be made hereon, plaintiffs Reginald Clark and Odell Clark shall serve and file in the office of the clerk of the trial court a written stipulation consenting to reduce the verdict in Reginald Clark's favor from $350,000 to $275,000 and the verdict in Odell Clark's favor for said loss of services and medical expenses from $35,000 to $20,000 and to the entry of an amended judgment accordingly, in which event the judgment, insofar as it is upon the verdict on those causes of said two plaintiffs, as so reduced, and upon said cause of Ronald Clark, is affirmed, without costs. This court has considered the questions of fact and has determined that it would not grant a new trial upon those questions. In our opinion the verdict as to the causes of action of plaintiff Reginald Clark and of plaintiff Odell Clark for loss of services and medical expenses of Reginald Clark was excessive to the extent indicated herein. Pursuant to agreement among the defendants, the issue of their respective liabilities *inter sese* is to be determined by the Trial Judge on the basis of the original record pursuant to the rules set forth in *Dole* v. *Dow Chem. Co.* (30 N Y 2d 143). Gulotta, Christ, Brennan and Benjamin, JJ., concur; Shapiro, Acting P. J., concurs in the affirmance as to Odell Clark for her personal injuries and in the dismissal of part of the appeal by defendants Carson and Mercy Hospital; and otherwise dissents and votes to affirm as to Odell Clark and Ronald Clark for loss of services and medical expenses and as to Reginald Clark, on the ground that the awards of damages as to Reginald Clark and as to Odell Clark on her cause for loss of services, etc., were not excessive.